# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MASOOMEH DJODEIR,
3407 Remington Street
Springdale, AR 72764

SAMIRA SADOUGHI
3407 Remington Street
Springdale, AR 72764

                 Plaintiffs,

                 v.

JONATHAN SCHARFEN, Acting
Director of the United States
Citizenship and Immigration Services,
20 Massachusetts Avenue, N.W.
Washington, DC 20529


MICHAEL CHERTOFF, Secretary
U.S. Department of Homeland
Security
425 Murray Drive, Building 410
Washington, DC 20528

                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT FOR
DECLARATORY, MANDAMUS
AND INJUNCTIVE RELIEF**

–1–

Plaintiffs, by and through their undersigned counsel, sue the Defendants and allege as follows:

## INTRODUCTION

1.    This is an action for declaratory and injunctive relief, challenging the Defendants' arbitrary, capricious and legally erroneous denial of Plaintiffs' applications for adjustment of status pursuant to 8 U.S.C. § 1245 (setting forth the procedure and requirements for granting of lawful permanent residence).  The Defendants' denial of Plaintiffs' applications violates the Immigration and Nationality Act (INA), the applicable binding federal regulations, and the Administrative Procedures Act.  As a result, Plaintiffs are unable to seek permanent residence in the United States, and face possible loss of employment and separation from their home and family in the United States.

## JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as a civil action arising under the Constitution of the United States and the Immigration and Nationality Act codified at 8 U.S.C. § 1101 et seq. This Court may grant relief under 28 U.S.C. §1651 (All Writs Act), 28 U.S.C. §

2201 (Declaratory Judgment Act), 28 U.S.C. § 1361 (Mandamus Statute) and under

5 U.S.C. § 701 et seq. (Administrative Procedure Act or APA).

## **EXHAUSTION OF REMEDIES**

3.     Plaintiffs have exhausted all administrative remedies available to

redress the grievances described herein.  This action involves pure questions of law.

 Therefore, the jurisdictional limitations restricting review of discretionary

decisions found at 8 U.S.C. §1252 do not apply.

## **VENUE**

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), as

amended, which provides that in a civil action in which each Defendant is an officer

or employee of the United States acting in his official capacity, or any agency of the

United States, the action may be brought in any judicial district in which a

Defendant in the action resides or where a substantial portion of the events or

omissions giving rise to Plaintiff's claims occurred.  Venue is proper in this Court

under 28 U.S.C. §1391(e) because this is a civil action in which Jonathan Scharfen

and Michael Chertoff are officers of the United States acting in their official

capacities within this judicial district; because substantial portions of the events and

omissions giving rise to Plaintiff's claims occurred within this judicial district as the

USCIS policy regarding adjudication of immigration applications originates from

–3–

the agency's headquarters located in Washington D.C; and because no real property is involved in this action.

## PLAINTIFFS

5.    Plaintiff Masoomeh Djodeir is a native and citizen of Iran who has lawfully resided in the United States for over thirteen (13) years.  She is currently a family practice physician and instructor at the University of Arkansas for Medical Sciences (UAMS).  Her application for permanent residence is based on an immigrant visa petition filed by her employer.  Dr. Djodeir lives in Springdale, Arkansas with her husband and four children.  Her three youngest children are United States citizens.

6.    Plaintiff Samira Sadoughi is a native and citizen of Iran.  She is the daughter of Dr. Djodeir and is fifteen (15) years old.  She resides with her mother and father in Springdale, Arkansas.  Ms. Sadoughi applied for permanent resident status as a derivative of her mother's application.

## DEFENDANTS

7.    Defendant Jonathan Scharfen is the Acting Director of the United States Citizenship and Immigration Services (USCIS), an agency of the United States government.  As Acting USCIS Director, Mr. Scharfen has primary responsibility for the implementation of the immigration laws, and in particular the

processing of applications for permanent residence.  Mr. Scharfen is sued in his official capacity.

8.    Defendant Michael Chertoff is the Secretary of the United States Department of Homeland Security (DHS).  In his capacity as Director, Mr. Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act.   Mr. Chertoff is sued in his official capacity.

## FACTUAL ALLEGATIONS

9.    Dr. Djodeir entered the United States on February 1, 1995 on an F-1 non-immigrant student visa. See 8 U.S.C. § 1101(a)(15)(F).  Her husband Mohammad Sadoughi and daughter Samira Sadoughi entered the United States at the same time.  Mr. Sadoughi also had an F-1 non-immigrant student visa, while Ms. Sadoughi had an F-2 visa as a dependant of her father.  See 8 C.F.R. § 214.2(f)(15).

10.    Since her entry into the United States Dr. Djodeir has been granted several different types of non-immigrant status.  Although she entered as an F-1 student, she did not enroll in classes at the University of Central Arkansas due to unexpected financial difficulties. On August 1, 1995, Dr. Djodeir submitted an application to change her status from F-1, to F-2 classification as her husband's dependant.  See 8 C.F.R. § 214.2(f)(15).

11.    The federal regulations governing applications for change of non-immigrant classification state that such applications may not be approved for an alien who "has failed to maintain the previously accorded status or whose status expired before the application or petition was filed." See 8 C.F.R. § 248.1(b). Notwithstanding this restriction, the regulations allow USCIS to exercise discretion and excuse an untimely filing where the failure to timely file was due to "extraordinary circumstances."[1]

12.    In her application for a change of status, Dr. Djodeir included a sworn declaration discussing the reasons why she had not enrolled in classes at the University of Central Arkansas as initially intended. The USCIS approved her request for a change of status on September 26, 1995.

13.    On October 20, 1998, Dr. Djodeir submitted an application to change her status back to F-1 student. This application was granted on August 15, 1999, and Dr. Djodeir enrolled in classes at the Westark College at Fort Smith, Arkansas.

14.    While she was pursuing her degree at the University, Dr. Djodeir's mosque sought to employ her as an instructor. The mosque filed a petition for

---

1.    Identical provisions are contained in the regulations governing applications to *extend* non-immigrant classification. See 8 C.F.R. § 214.1(c)(4).

–6–

status as a Religious Worker (R-1) on her behalf on September 1, 2000. See

8U.S.C. § 1101(a)(15)(R). The petition was approved, and Dr. Djodeir was granted

R-1 status from April 17, 2001 until April 17, 2004.

15.    In 2002, Dr. Djodeir was accepted to the family practice residency

program at the University of Arkansas for Medical Sciences (UAMS). On April 5,

2002, UAMS filed a petition for H-1B non-immigrant classification on behalf of

Dr. Djodeir. H-1B classification is granted to a non-citizen who will perform

services in a specialty occupation which requires attainment of a baccalaureate or

higher degree. 8 U.S.C. § 1101(a)(15)(H)(i)(B), 8 C.F.R. § 214.2(h). Dr. Djodeir

pursued her medical residency at the UAMS from July 2002 until June of 2005.

16.    On May 13, 2005, UAMS filed a petition to extend Dr. Djodeir's H-

1B status and allow her to work as an instructor at the UAMS' Area Health

Education Center in Northwest Arkansas. The petition was approved with validity

dates from July 1, 2005, until July 1, 2008. The University's most recent

application to extend Dr. Djodeir's H-1B status was filed on April 28, 2008, with

the USCIS' California Service Center. This petition is currently pending and

affords Dr. Djodeir an additional 240 days of employment authorization pursuant to

8 C.F.R. § 274a.12(b)(20).

17.     UAMS has also sponsored Dr. Djodeir for permanent resident status in the United States. The University filed a labor certification application on behalf of Dr. Djodeir with the United States Department of Labor. For certain designated occupations, the labor certification application is the first step in the process of attaining permanent residence based on employment. During the labor certification process, the Department of Labor verifies that there are no qualified U.S. workers for the position, and that the employment of the non-citizen will not adversely affect the wages and working conditions of U.S. workers. *See* 8 U.S.C. § 1182(a)(5)(A); *See also* 20 C.F.R. § 656.1.

18.     The Department of Labor certified the application for Dr. Djodeir. UAMS thereafter filed a petition for alien worker (Form I-140) with the USCIS' Texas Service Center on October 25, 2006. The petition requests immigrant classification pursuant to INA § 203(b)(2), which applies to members of professions holding advanced degrees or persons of exceptional ability. INA § 203(b)(2); 8 U.S.C. § 1153(b)(2).

19.     Dr. Djodeir filed her application for adjustment to permanent resident status (Form I-485) concurrently with her employer's I-140 petition. Her daughter applied for adjustment of status as a derivative beneficiary. See 8 U.S.C. §1153(d).

20.     On February 26, 2008, the USCIS issued a Notice of Intent to Deny Dr. Djodeir's I-485 application. The Notice requested several items, and

–8–

questioned whether Dr. Djodeir had maintained a lawful status since her entry into the United States. Dr. Djodeir submitted a timely response to the USCIS' notice, including documentation of her many change of status approvals. However the USCIS denied her I-485 application on April 24, 2008. The application of her daughter was denied that same day. See Exhibit 1, Denial Notices.

21.    The USCIS' denial cites to the fact that Dr. Djodeir did not attend the University of Central Arkansas upon her entry into the United States on February 1, 1995. The USCIS states that, "a copy of the applicant's college transcript, diploma, or properly endorsed I-20 from the University of Central Arkansas...could have served as evidence that the applicant maintained continuously lawful status from February 1, 1995, until she applied for a change of status to a dependant F-2 on August 1, 1995." The USCIS' decision concludes, because she did not attend University upon her entry, Dr. Djodeir was ineligible for adjustment of status under 8 U.S.C. § 1245(c)(2). See Exhibit 1, Denial Notice.

22.    On May 27, 2008, Dr. Djodeir filed a Motion to Reconsider this denial. The Motion acknowledged that Dr. Djodeir did not in fact attend classes at the University upon her entry in February 1995. However, this information was fully disclosed to the USCIS in her application for a change to F-2 status in August 1995. The application was granted as allowed under 8 C.F.R. § 248.1(b), which under certain circumstances permits the favorable exercise of discretion despite

untimely filing.  The Motion to Reconsider contended that USCIS' denial of Dr.

Djodeir's application for permanent residence impermissibly contradicts the

agency's own actions in approving her numerous applications for extension or

change of non-immigrant status, including the approval of her first application for

change of status made in 1995.

23.    The USCIS denied the Motion to Reconsider on June 9, 2008.  The

denial recognized that USCIS had approved all of Dr. Djodeir's applications to

extend and change her non-immigrant status, however it concluded that "regulations

require a different standard of proof to demonstrate eligibility to adjust status to a

lawful permanent resident."  See Exhibit 2, Motion to Reconsider Denial.

## DEFENDANTS' DENIAL CONSTITUTES A FAILURE TO FULFILL

## THEIR MANDATORY DUTIES AND CONTRADICTS THE LAW AS

## FOLLOWS

24.    The USCIS denied Dr. Djodeir's adjustment of status application

based on its determination that she is ineligible under 8 U.S.C. §1255(c)(2).  This

conclusion is incorrect.  8 U.S.C. § 1255(c)(2) provides that any alien who "is in

unlawful immigration status on the date of filing the application for adjustment of

status or who has failed (other than through no fault of his own or for technical

reasons) to maintain continuously a lawful status since entry into the United States"

is ineligible for adjustment of status.  This ground of ineligibility is reiterated in the

federal regulations at 8 C.F.R. § 245.1(b)(6).

25.    The regulations at 8 C.F.R. § 245.1(d)(1) define "lawful immigration

status" for purposes of 245(c)(2).  Included in the definition is "an alien admitted to

the United States in a non-immigrant status as defined in section 101(a)(15) of the

Act [the section listing all types of non-immigrant classification], whose initial

period of admission has not expired **or whose nonimmigrant status has been**

**extended in accordance with part 214 of this chapter**."  (Emphasis added).

26.    By referencing part 214, the section dealing with extensions of non-

immigrant status, the regulations recognize that "lawful immigration status" means

the same thing for purposes of adjustment of status as it does in the context of

changing or extending non-immigrant status.  Thus, if a person can be considered to

have maintained lawful immigration status for purposes of changing or extending

non-immigrant status, that individual is also maintaining lawful immigration status

for purposes of adjustment of status.

27.    This reading of the statute and regulations is supported by recent

USCIS guidance regarding bars to adjustment of status under 8 U.S.C. § 1255(c).

In a Memorandum dated July 14, 2008, USCIS Acting Associate Director Donald

Neufeld discusses ineligibility for failure to maintain lawful status.  See

*Applicability of Section 245(k) to Certain Employment-Based Adjustment of Status*

*Applications filed under Section 245(a) of the Immigration and Nationality Act,*

HQDOMO 70/23/1-P (July 14, 2008)

http://www.uscis.gov/files/nativedocuments/245(k)_14Jul08.pdf (accessed July 31,

2008). The Memorandum amends the USCIS Adjudicator's Field Manual, and

contains the following advisement regarding ineligibility for failure to maintain

lawful status:

> The regulations define "lawful immigration status" at 8 CFR 245.1(d)(1). In examining any period where an application for extension of stay (EOS) or change of status (COS) was ultimately approved, the period during which the EOS or COS had been pending would be considered, in retrospect, a period in which the alien was in a lawful nonimmigrant status regardless of whether the EOS or COS application was timely or untimely filed. The period would not be disqualifying for section 245(c) purposes...

28.    Although Dr. Djodeir's 1995 application to change her status from F-1

classification to F-2 classification was untimely filed, the USCIS exercised its

discretion and approved her application. The USCIS thereafter approved Dr.

Djodeir's request to change back to F-1 classification in 1999. They have granted

numerous subsequent change of status and extension of status requests under part

214. Thus the determination that Dr. Djodeir has failed to maintain a lawful

immigration status is erroneous.

### CLAIMS FOR RELIEF

**Count One – Violation of 8 U.S.C. § 1255, 8 C.F.R. § 245**

29.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

30.    Defendants' denial misinterprets and misapplies 8 U.S.C. § 1255 and has deprived Plaintiffs of their opportunity to obtain lawful permanent residence in the United States.

### Count Two - Mandamus Action, 28 U.S.C. § 1361

31.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

32.    Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel Defendants to perform a duty owed to Plaintiffs.  Defendants are charged with the administration and implementation of the Immigration and Nationality Act.  Defendants have failed to properly adjudicate Plaintiffs' applications for adjustment of status in contravention of the Immigration and Nationality Act and regulations.

### Count Three – Administrative Procedures Act, 5 U.S.C. §§ 555 (b), 701 et seq.

33.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

34. The Administrative Procedure Act states "[t]he reviewing court shall compel agency action unlawfully withheld or unreasonably delayed and hold unlawful and set aside agency action…found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." See 5 U.S.C. 706 (2000).

35. Defendants have unlawfully withheld performing a statutory duty owed to Plaintiffs by their improper denial of Dr. Djodeir's application for adjustment of status. Plaintiffs will continue to suffer economic and emotional harms and injuries until Defendants perform their mandated and nondiscretionary duties as described in this Complaint. Defendants' actions are a violation of the APA and cognizable under 5 U.S.C. §§ 551(13) and 706.

### Count Three – Equal Access to Justice Act

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

33. If they prevail, Plaintiffs will seek attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the Court to grant the following relief:

(1) Accept and maintain continuing jurisdiction of this action.

(2) Declare that Defendants' denial of Plaintiffs' applications for adjustment of status violates the Immigration and Nationality Act and implementing regulations, and the Administrative Procedures Act.

(3)  Order Defendants to immediately reopen Plaintiffs' applications for adjustment of status for further processing, and to complete adjudication of the applications within 60 days of the Court's order.

(3) Award Plaintiff the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act.

(4) Provide such relief as the Court may deem proper and appropriate.

Dated:   August 20, 2008

Respectfully submitted,


_____

Thomas K. Ragland
(D.C. Bar No. 501021)


Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036
Phone: (202) 483-0053
Fax: (202)483-6801

<u>VERIFICATION</u>

I, Masoomeh Djodeir, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint for

Declaratory Relief in the Nature of Mandamus upon information and belief.

Dated:        7/31/2008

Place:        <u>Los Angeles, CA</u>

_____
Masoomeh Djodeir

U.S. Department of Homeland Security
P.O. Box 852841
Mesquite, TX 75185-2841



U.S. Citizenship
and Immigration
Services

Date:   APR 2 4 2008

Gary L. King
King Law Office, P.A.
101 North 10th Street, Suite G-9
Fort Smith, AR 72901

Applicant:   Masoomeh Djodeir
Form:        Application to Register Permanent Residence or Adjust Status (I-485)
File No.:    A97636299 / SRC0700752280

<u>DECISION</u>

The record reflects that the applicant filed an Application for Permanent Residence (I-485) on October 10, 2006. Upon consideration, it is ordered that Dr. Djodeir's Application to Register Permanent Residence or Adjust Status (I-485) be denied.

On February 1, 1995, an immigration officer admitted the applicant into the United States through Chicago, IL as a student (F-1). The applicant's F-1 visa was valid for the duration of her status as a student. According to the Certificate of Eligibility for Nonimmigrant (F-1) Student (I-20), which was signed by the designated school official on October 3, 1994, Dr. Djodeir had been accepted for a full course of study at the University of Central Arkansas, majoring in Physical Science. The university expected Dr. Djodeir to report no later than January 10, 1995 with a completion date in or near December 1999 (four years).

A review of Dr. Djodeir's file did not show any evidence of her actual attendance at the university during the time period as stated on the I-20. Based on this lack of evidence, USCIS issued Dr. Djodeir a notice of its intent to deny her I-485 for failure to maintain status as required by regulations.

In response to USCIS' notice, the applicant provided copies of documents, some of which were also submitted with the instant application:

(1) I-94 and I-20-ID without proper endorsement for applicant;
(2) I-94 and I-20-ID for spouse;
(3) I-539 approval notices: changed of status on August 1, 1995 to a dependent of a student (F-2), change of status back to student (F-1) on October 20, 1998, change of status to religion worker (R-1) on September 1, 2000;
(4) I-20 without proper endorsement for applicant dated September 22, 1998;
(5) G-325A;
(6) certified mail receipt;
(7) I-129 approval notice for extension of stay as H1B valid from 7/1/05 to 7/1/08;
(8) medical examination reports (Form I-693 and Supplement to Form I-693).

**EXHIBIT 1**

Applicant:    Masoomeh Djodeir
Form #:       Application to Register Permanent Residence or Adjust Status (I-485)
File:         A97636299 / SRC0700752280

Page 2

However, not any of the documents established that the applicant maintained lawful status as a student at the University of Central Arkansas during the specified period as noted on the I-20 (January 10, 1995 through December 1999). A copy of the applicant's college transcript, diploma, or properly endorsed I-20 from the University of Central Arkansas reflecting applicant's standing at the university could have served as evidence the applicant maintained continuously lawful status from February 1, 1995 until she applied for change of status to a dependent (F-2) on August 1, 1995.

Section 245 of the Act, as amended, states in pertinent part:

> The status of an alien who was inspected and admitted or paroled into the United States....may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if—
>
> (1) the alien makes an application for such adjustment,
> (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
> (3) an immigrant visa is immediately available to him at the time his application is filed.

Title Eight, Code of Federal Regulations, Part 245.1(a)(6), as amended states:

> (b) *Restricted aliens.* The following categories of aliens are ineligible to apply for adjustment of status to that of a lawful permanent resident alien under section 245 of the Act, unless the alien establishes eligibility under the provisions of section 245(i) of the Act and § 245.10, is not included in the categories of aliens prohibited from applying for adjustment of status listed in § 245.1(c), is eligible to receive an immigrant visa, and has an immigrant visa immediately available at the time of filing the application for adjustment of status:
>
> (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a lawful status since entry into the United States, except an applicant who is an immediate relative as defined in section 201(b) of the Act or a special immigrant as defined in section 101(a)(27)(H), (I), or (J) of the Act.

Furthermore, Section 245(k) of the Act, as amended, states in pertinent part:

> An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b)...may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if—
>
> (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;
> (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days—
>     (A) failed to maintain, continuously, a lawful status;
>     (B) engaged in unauthorized employment; or
>     (C) otherwise violated the terms and conditions of the alien's admission.

**EXHIBIT 1**

Applicant:     Masoomeh Djodeir
Form #:        Application to Register Permanent Residence or Adjust Status (I-485)
File:          A97636299 / SRC0700752280

Page 3

In addition, an applicant applying for adjustment of status must submit a properly completed medical report (Form I-693) and a properly completed immunization record (Supplemental Form to I-693) that is enclosed in a sealed envelope from a designated civil surgeon pursuant to 8 C.F.R. § 245.5. You indicated your inclusion of another sealed envelope containing a copy of the medical exam with your response. However, the Service did not receive the sealed envelope with your response.

In Matter of Tanahan, 18 I&N Dec 339 (BIA 1981), it was held that the determination to grant permanent residence status under Section 245 of the Immigration and Nationality Act (8 USC 1255) lies entirely within the discretion of the Attorney General.

The burden of proof in the proceedings lies solely with the applicant (Section 291 of the Act, 8 U.S.C. 361). The applicant has not sustained that burden and therefore has failed to prove eligibility. Therefore, the applicant's Application to Register Permanent Residence or Adjust Status is hereby denied.

There is no appeal from this decision. However, you may, within thirty days from the date of this decision, file a motion to reopen or a motion to reconsider. Any motion, if filed, must be submitted to this office with proper fee at the address indicated at the beginning of this letter. A motion to reopen, if filed, must state the new facts to be proved in the reopened proceeding, accompanied by supporting documentary evidence. Title 8, Code of Federal Regulations, Part 103.5(a)(2). Any motion to reconsider, if filed, must state the reasons for reconsideration. It must also be supported by pertinent precedent decisions, statute or regulations to establish that the decision was based on an incorrect application of law or Service policy. Title 8, Code of Federal Regulations, Part 103.5(a)(3).

Sincerely,

David L. Roark, Director
Texas Service Center

Enclosure

cc:   Masoomeh Djodeir
      3407 Remington Street
      Springdale, AR  72764

Officer #XM1079

**EXHIBIT 1**



U.S. Department of Homeland Security
P.O. Box 852841
Mesquite, TX 75185-2841

U.S. Citizenship
and Immigration
Services

Date:    APR 2 4 2008

Gary L. King
King Law Office, P.A.
101 North 10ᵗʰ Street, Suite G-9
Fort Smith, AR 72901

Applicant:    Samira Sadoughi
Form:    Application to Register Permanent Residence or Adjust Status (I-485)
File No.:    A99992396 / SRC0700752298

## DECISION

The record reflects that the applicant filed an Application for Permanent Residence (I-485) on October 10, 2006 as a derivative of her parent, Masoomeh Djodeir, pursuant to Section 245 of the Immigration and Nationality Act (Act). Upon consideration, it is ordered that Ms. Sadoughi's Application to Register Permanent Residence or Adjust Status (I-485) be denied.

> Any alien who is physically present in the United States . . . may apply for adjustment of status to that of a lawful permanent resident of the United States if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application.

A review of immigration records indicates the denial of Ms. Djodeir's application for permanent residence. Consequently, Ms. Sadoughi is not eligible to receive an immigrant visa as required by regulations.

Based on the aforementioned, Ms. Sadoughi's application for status as a permanent resident is denied. Any employment authorization or advance parole obtained as a result of this application is hereby terminated.

There is no appeal from this decision. However, you may, within thirty days from the date of this decision, file a motion to reopen or a motion to reconsider. Any motion, if filed, must be submitted to this office with proper fee at the address indicated at the beginning of this letter. A motion to reopen, if filed, must state the new facts to be proved in the reopened proceeding, accompanied by supporting documentary evidence. Title 8, Code of Federal Regulations, Part 103.5(a)(2). Any motion to reconsider, if filed, must state the reasons for reconsideration. It must also be supported by pertinent precedent decisions, statute or regulations to establish that the decision was based on an incorrect application of law or Service policy. Title 8, Code of Federal Regulations, Part 103.5(a)(3).

Sincerely,

David L. Roark, Director
Texas Service Center

www.uscis.gov

**EXHIBIT 1**

Department of Homeland Security
P.O. Box 852841
Mesquite, TX 75185-2841



**U.S. Citizenship
and Immigration
Services**

Date: June 9, 2008

Ms. Amy Prokop
Law Offices of Carl Shusterman
600 Wilshire Blvd., Suite 1550
Los Angeles, CA  90017

Applicant:     Masoomeh Djodeir
Form:          Application to Register Permanent Residence or Adjust Status (I-485)
File No.:      A97636299 / SRC0700752280

Dear Ms. Prokop:

Attached herewith is the decision of U.S. Citizenship and Immigration Services (USCIS) regarding your

Motion to Reopen or Reconsider.

Sincerely,

David L. Roark, Director
Texas Service Center

Enclosure

cc:  Masoomeh Djodeir
     3407 Remington Street
     Springdale, AR  72764

Officer #XM1079

www.uscis.gov

**EXHIBIT 2**

Department of Homeland Security
P.O. Box 852841
Mesquite, TX 75185-2841



**U.S. Citizenship
and Immigration
Services**

## MOTION TO REOPEN OR RECONSIDER

DATE:    June 9, 2008

FILE #:    SRC0700752280
SRC0818854413 (Motion)
A97636299

IN RE:    Masoomeh Djodeir, applicant

ON BEHALF OF APPLICANT: Amy Prokop

DISCUSSION:   Reference is made to the applicant's Application to Register Permanent Residence or Adjust Status (Form I-485) filed on October 10, 2006. On April 24, 2008, United States Citizenship and Immigration Services (USCIS) denied this Form I-485 because of the applicant's failure to maintain lawful status as required by regulations.

On May 27, 2008, the applicant filed a Motion to Reopen and Reconsider USCIS's decision. With this motion, the applicant through counsel submitted a brief stating that the denial of the applicant's Form I-485 contradicts the Service's previous action to approve the applicant's I-539 application filed in August 1995 pursuant to 8 C.F.R. § 248.1(b).

In the brief USCIS notes that the applicant did not rebut any of the allegations asserted in the denial. The applicant entered the United States on February 1, 1995 as a student (F-1). However, Service files indicate the applicant's admission that she did not attend school in the United States due to a decrease in family finances.

Counsel further asserts that USCIS granted the applicant's status change to F-2 on August 1, 1995 and her current status of H1-B, which Service files corroborate. However, regulations require a different standard of proof to demonstrate eligibility to adjust status to a lawful permanent resident. Counsel's reliance on 8 C.F.R. § 248.1(b) relates to eligibility for change of nonimmigrant classification. While counsel is correct that USCIS (formerly known as INS) approved several change of status requests, USCIS is not obligated to continue to approve applications and/or petitions which fail to establish eligibility for the benefit sought.

Additionally, counsel suggests that the applicant is eligible for adjustment of status pursuant to Section 245(i) of the Act based on an I-360 immigrant petition (SRC0117353918) filed in the applicant's behalf. According to USCIS's files, the Service denied this I-360 on September 10, 2003. The petitioner subsequently filed an appeal (I-290B) on October 16, 2003, which the Administrative Appeals Office dismissed on January 19, 2005. Therefore, the applicant has not established immediate availability of an immigrant visa when she filed Form I-485 pursuant to 8 C.F.R. § 245.1(a).

CONCLUSION:   Based on the foregoing information and Service files, it is concluded that the grounds stated in the denial of the Application to Register Permanent Residence have not been overcome. The applicant has not established any erroneous application of law or incorrect statement of fact which resulted in the denial of this application.

www.uscis.gov

**EXHIBIT 2**

Applicant:      Masoomeh Djodeir
Form #:         Application to Register Permanent Residence or Adjust Status (I-485)
File:           A97636299 / SRC0700752280                                    Page 2

**ORDER:** It is ordered that the original decision denying Form I-485 remains undisturbed.

Sincerely,

David L. Roark, Director
Texas Service Center

cc:  Masoomeh Djodeir
     3407 Remington Street
     Springdale, AR  72764

Officer #XM1079

**EXHIBIT 2**

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

08-1461
RJL

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MASOOMEH DJODEIR, SAMIRA SADOUGHI | JONATHAN SCHARFEN, Acting Director of the United States Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary U.S. Department of Homeland Security |

88880

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland
Maggio & Kattar
11 Dupont Circle, NW Suite 775
Washington, D.C. 20036
202-483-0053

Case: 1:08-cv-01461
Assigned To : Leon, Richard J.
Assign. Date : 8/22/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

O 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| O A. *Antitrust* | O B. *Personal Injury/ Malpractice* | ◉ C. *Administrative Agency Review* | O D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O E. *General Civil (Other)* | OR | O F. *Pro Se General Civil* | | |
|---|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If Privacy Act)* <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| O **K. Labor/ERISA** (non-employment) | O **L. Other Civil Rights** (non-employment) | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

⊙ **1 Original Proceeding**    O **2 Removed from State Court**    O **3 Remanded from Appellate Court**    O **4 Reinstated or Reopened**    O **5 Transferred from another district (specify)**    O **6 Multi district Litigation**    O **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC Section 1361 (Mandamus), 5 USC 701 et seq. (Administrative Procedures Act), FAILURE TO PERFORM A DUTY OWED TO PLAINTIFFS

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | **DEMAND $** _____ <br> **JURY DEMAND:** | Check YES only if demanded in complaint <br> YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE **8-22-08**    SIGNATURE OF ATTORNEY OF RECORD    _(signature)_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT. (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.      RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.