UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MASOOMEH DJODEIR, *et ano.*,         )
                                      )
          Plaintiffs,                 )
                                      )
          v.                          )  Civil Case No. 08-1461 (RJL)
                                      )
ALEJANDRO MAYORKAS, Director,         )
United States Citizenship and Immigration )
Services, *et al.*,[1]                )
                                      )
          Defendants.                 )

*Hh*

MEMORANDUM OPINION
(September 24, 2009) [#10]

Masoomeh Djodeir and her daughter Samira Sadoughi (collectively, "plaintiffs") challenge the decision of the United States Citizenship and Immigration Services ("USCIS"), an agency of the Department of Homeland Security ("DHS") (collectively, "defendants"), denying their applications for adjustment of immigration status. Defendants move to dismiss plaintiffs' Complaint on the ground that the Court lacks subject matter jurisdiction to review that decision. In light of the jurisdiction-stripping

---

[1] The original named defendants in this suit were Jonathan Scharfen, Acting Director of the United States Citizenship and Immigration Services, and Michael Chertoff, Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Alejandro Mayorkas for Jonathan Scharfen and Janet Napolitano for Michael Chertoff.

provision set forth at 8 U.S.C. § 1252(a)(2)(B)(i), the Court GRANTS the Motion to Dismiss.

## ANALYSIS

Federal District Courts are courts of limited jurisdiction, and they have an "affirmative obligation to ensure that [they are] acting within the scope of [their] jurisdictional authority." *Judicial Watch, Inc. v. U.S. Food & Drug Admin.*, 514 F. Supp. 2d 84, 86 (D.D.C. 2007) (internal quotation marks omitted). At issue is 8 U.S.C. § 1252(a)(2)(B), which provides that "no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1255 of this title." Defendants contend that the plain language of this provision forecloses judicial review of USCIS decisions, like the one here, that either grant or deny adjustment of immigration status pursuant to 8 U.S.C. § 1255. Plaintiffs, not surprisingly, take a more nuanced position. They contend that judicial review is foreclosed only as to the ultimate discretionary decision of whether to grant or deny an application for adjustment of status. The determination regarding statutory eligibility for adjustment of status, however, is a purely legal determination that they contend falls outside of the jurisdiction-stripping provision. Because the USCIS denied plaintiffs' applications on the ground that they were statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(c)(2),[2] plaintiffs argue that this

---

[2]Section 1255(c)(2) prohibits adjustment of status for any alien "who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain

eligibility determination is not a discretionary judgment about whether to grant or deny adjustment of status but a purely legal judgment about eligibility that is within the jurisdictional province of this Court.

While plaintiffs' argument is not without some support in the case law,[3] I disagree. The capacious language of Section 1252(a)(2)(B)(i) does not, in my judgment, support plaintiff's argument. By its plain terms, the statute bars judicial review, "regardless of whether the judgment, decision, or action is made in removal proceedings," of "*any* judgment regarding" the adjustment of immigration status. 8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added); *see Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008) ("Section 1252(a)(2)(B)(i) explicitly places 'any judgment regarding the granting of relief under . . . section 1255,' which provides the statutory authority for [adjustment of status] applications, in this category of discretionary decisions that no courts have jurisdiction to review." (first alteration in original)). It draws no distinction between judgments that are discretionary and judgments that are purely legal. Nor does it carve out any exception for judgments pertaining to eligibility. Furthermore, it applies whether or not the judgment is made in removal proceedings. To the extent that legal determinations like statutory

---

continuously a lawful status since entry into the United States."

[3] Plaintiffs point, for example, to *Pinho v. Gonzales*, which held that "[n]on-discretionary actions . . . and purely legal determinations made by the agency, remain subject to judicial review" and that the "[d]etermination of *eligibility* for adjustment of status—unlike the *granting* of adjustment itself—is a purely legal question and does not implicate agency discretion." 432 F.3d 193, 204 (3d Cir. 2005) (emphasis in original).

3

eligibility are subject to judicial review, they are reviewable only by our Circuit Court on a petition for review of a final removal order pursuant to Section 1252(a)(2)(D), which Congress added when it enacted the REAL ID Act in May 2005. Pub. L. No. 109-13, § 106, 119 Stat. 231 (2005). This provision states that "[n]othing in subparagraph (B) or (C) . . . shall be construed as precluding review of constitutional claims or *questions of law* raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Indeed, if Section 1252(a)(2)(B) did not foreclose judicial review of purely legal questions like statutory eligibility, there would be no need to except questions of law from the jurisdictional bar. In short, plaintiff's argument, if embraced, would render subparagraph (D) superfluous.

Given the plain text and structure of Section 1252(a)(2), this Court must conclude, as other courts have concluded, that it lacks jurisdiction to entertain plaintiffs' claim.[4] *See, e.g., Hassan v. Chertoff*, 543 F.3d 564, 566 (9th Cir. 2008) (stating that the district court did not have jurisdiction to review plaintiff's legal claim challenging the denial of adjustment of status); *Ruiz v. Mukasey*, 552 F.3d 269, 276 n.4 (2d Cir. 2009) (stating in dicta that Section 1252(a)(2)(B)(i) "eliminates district court jurisdiction to review the denial" of an application for status adjustment but that "this jurisdictional bar [does] not

---

[4] In *Maalouf v. Wiemann*, the Court suggested in dicta that the jurisdictional ban in Section 1252(a)(2)(B) applied only to discretionary decisions. __ F. Supp. 2d __, 2009 WL 2970128, *2 n.6 (D.D.C. 2009) (Leon, J.). Based on the arguments presented in this case, however, the Court concludes definitively that district courts do not have jurisdiction over adjustment of status decisions, whether discretionary or not.

apply to petitions raising 'constitutional claims or questions of law'"). Moreover, because judicial review is barred by this provision, it is also unavailable under the Administrative Procedure Act. *See* 5 U.S.C. § 701(a)(1) (stating that the APA does not apply to the extent that "statutes preclude judicial review"). Accordingly, defendants' Motion to Dismiss is GRANTED, and an Order consistent therewith is hereby attached.

*[signature]*
RICHARD J. LEON
United States District Judge